## CHESTER P. TRASK

*v.*

## HIRAM BAXTER *et ux.*

1. DOWER—*widow may retain possession of homestead until dower be assigned.* Where, in an action of ejectment, the plaintiff claimed as the heir of a deceased person who died seized of the land in fee, and the proof showed that the defendant was not in the occupancy of the premises at the time of the commencement of the suit, and had only cultivated the land since then, by permission of the widow, who had been in the sole occupancy thereof since the decease of her husband, and that her dower had never been assigned: *Held,* that a recovery could not be had.

2. SAME. Under our statute, the widow, in all cases, can retain the possession of the dwelling house in which her husband most usually dwelt next before his death, together with the outhouses and plantation thereto belonging, free from molestation and rent, until her dower be assigned.

APPEAL from the Court of Common Pleas of the City of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action of ejectment, commenced by Hiram Baxter and Sally Baxter, his wife, appellees, against Chester P. Trask, appellant, to recover possession of an undivided one-seventh of certain premises described in the declaration. The plaintiffs claimed the fee in the land to be in Sally Baxter, as heir of one Charles Sheldon, deceased, who died seized of the land in fee. The cause was tried before the court and a jury, and a verdict found for the plaintiffs, upon which judgment was rendered, to reverse which the record is brought to this court by appeal.

Mr. C. J. METZNER, for the appellant.

Mr. B. F. PARKS, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The 27th section of our chapter of dower, provides that the widow may, in all cases, retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the outhouses and plantation thereto belonging, free from molestation and rent, until her dower be assigned. In this case, the plaintiff claimed as heir of Charles Sheldon, deceased, and his homestead and the land thereto belonging at the time of his death, were the premises in controversy. The proof shows that his widow has occupied them since his death, and that the defendant was not occupying or cultivating the land at all at the commencement of the suit, and has cultivated it since, only by permission of the widow, and that her dower has never been assigned.

Under this state of facts there was no ground for recovery in ejectment, and so far as the instructions ignored this right

of the widow, they were erroneous. The case of *Hoots* v. *Graham*, 23 Ill. 83, has no application to a case like this.

*Judgment reversed.*